UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ELLIOTT G. KYLES,

                        Plaintiff,

  v.                                             Case No. 17-cv-1100-pp

BEAU LIEGEOIS, and
TIMOTHY A. HINKFUSS,

                        Defendants.

---

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2), DENYING AS MOOT MOTION FOR EXTENSION OF TIME (DKT. NO. 7), DENYING AS MOOT MOTION TO ADD PARTY (DKT. NO. 8), SCREENING THE COMPLAINT (DKT. NO. 1), AND DISMISSING CASE**

---

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. Under that law, the court must screen a plaintiff's complaint to determine whether the plaintiff states claims with which he may proceed. This decision will resolve the plaintiff's motion for leave to proceed without prepayment of the filing fee and screen the complaint.

I.    <u>Motion for Leave to Proceed without Prepayment of the Filing Fee</u>

      The PLRA allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying the case filing fee, as long as he meets certain conditions. One of those conditions is that the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b).

On August 10, 2017, the court ordered the plaintiff to pay an initial partial filing fee of $2.77 by August 31, 2017. Dkt. No. 4. On August 21, 2017, the plaintiff filed a motion asking for additional time to pay the fee. Dkt. No. 7. The plaintiff paid the fee on August 28, 2017, three days before the original deadline, so no extension of the deadline was necessary. The court will deny as moot the plaintiff's motion for an extension of time, and will grant his motion to proceed without prepayment of the filing fee. The court will order the plaintiff to pay the remainder of the filing fee over time in the manner explained at the end of this decision.

II. Screening the Plaintiff's Complaint

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally frivolous, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A. *The Plaintiff's Allegations*

The complaint indicates that the plaintiff objects to the State of Wisconsin's jurisdiction to bring a criminal case against him. Dkt. No. 1 at 3. He argues that, in order for a crime to exist, there must be an injured party; he argues that the State of Wisconsin cannot be that injured party because it is a sub-corporation of the United States. Id. at 3-4. He argues that defendant Beau G. Liegeois, the Assistant Brown County District Attorney who is prosecuting the case on behalf of the District Attorney's Office, committed fraud by charging him, and that defendant Timothy Hinkfuss, the Brown County Circuit Court judge who is presiding over the case, committed fraud by presiding over the criminal case. Id. at 4-6; see also, Wisconsin Court System Circuit Court Access, www.wcca.wicourts.gov, Brown County Case No. 2015CF1801.

B. *The Court's Analysis*

The online docket system for the Wisconsin Circuit Courts indicates that the plaintiff has been charged in Brown County Circuit Court with one count of possession with intent to distribute heroin, one count of possession with intent to distribute cocaine, one count of possession of narcotics with intent to deliver, and one count of being a felon in possession of a firearm. Wisconsin Court System Circuit Court Access, www.wcca.wicourts.gov, Brown County Case No. 2015CF1801. His trial is scheduled for November 8, 2017 at 8:15 a.m.

The plaintiff's assertion that the State of Wisconsin is without authority to bring criminal charges against individuals is legally frivolous. Wisconsin

Statutes §939.03(1) states that, "A person is subject to prosecution and punishment under the law of this state if . . . [t]he person commits a crime, any of the constituent elements of which takes place in the state." Wis. Stat. §968.02(1) empowers district attorneys to file a complaint charging a person with an offense, and §967.05 makes clear that any powers or duties imposed upon district attorneys may be performed by their deputies or assistants. After a complaint is issued, §968.02(2) requires the district attorney to file the complaint with a judge, who either will issue a warrant or summons or dismiss the complaint. Wisconsin law clearly authorizes Liegeois to file criminal complaints against individuals and Judge Hinkfuss to preside over cases that those criminal complaints set in motion.

In support of his argument that a crime cannot exist without an injury, the plaintiff cites "Sherer v. Cullen, 481 F. 945." Dkt. No. 1 at 3. He appears to mean <u>Sherar v. Cullen</u>, 481 F.2d 945 (9th Cir. 1973). That case involves a civil lawsuit by an employee who was fired by the Internal Revenue Service. The case says nothing about crimes, and as a decision of the Ninth Circuit, it is not binding on this court. He also refers to 28 U.S.C. §3002(15)(A) (which states that, for the purposes of the procedures to recover judgments or obtain judgments against the United States, the definition of "United States" includes federal corporations, agencies, departments, commissions, boards, or instrumentalities); a case he refers to as William Dixon v. The United States, 1 Marsh 117, 181 (1811) (which the court cannot locate, because "1 Marsh" is not the volume of the Supreme Court reporter, but a reference to the reporter's

4

editor); the Eleventh Amendment (which immunizes states from civil suits by citizens of another state or citizens of a foreign state); 28 U.S.C. §1330.2 (which does not exist, although 28 U.S.C. §1330 gives district courts jurisdiction in civil actions brought against foreign states under certain circumstances); 8 U.S.C. §1481 (which describes how someone born in the United States can lost his or her nationality); the Judiciary Act of 1789 and Article III, Section 2 of the Constitution (which describes the judicial authority of federal courts). None of these sources says that a state does not have jurisdiction to prosecute crimes.

The natural consequence of the plaintiff's argument would be to nullify state criminal legal systems. That proposition has no arguable basis in law.

The plaintiff recently has filed a motion seeking to add the state of Wisconsin as a defendant. Dkt. No. 8. The court will deny this motion—not only is it moot, but "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 662-62 (1974).

The court will dismiss the plaintiff's claim as frivolous.

III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **DENIES AS MOOT** the plaintiff's motion for an extension of time. Dkt. No. 7.

The court **DENIES AS MOOT AND FRIVOLOUS** the plaintiff's motion to add a party. Dkt. No. 8.

The court **ORDERS** that the agency having custody of the plaintiff shall collect from his institution trust account the $347.23 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff is transferred to another institution—county, state or federal—the transferring institution shall forward a copy of this order, along with plaintiff's remaining balance, to the receiving institution.

The court will mail a copy of this order to the officer in charge of the agency where the inmate is confined.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **as frivolous**.

The court **ORDERS** that the Clerk of Court shall document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

The court will mail a copy of this order to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30** days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely

requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28** days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 27th day of October, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge